IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON[1]
May 5, 2026 Session

## STATE OF TENNESSEE v. HOUSTON THOMAS WILKES

**Appeal from the Circuit Court for Carroll County**
**No. 21CR155       Bruce Irwin Griffey, Judge**

———————————————————

**No. W2025-01424-CCA-R3-CD**

———————————————————

This case comes to this court by way of a delayed appeal. The Defendant, Houston Thomas Wilkes, was convicted in the Carroll County Circuit Court of domestic assault, violation of a no-contact order, possession of more than .5 grams of methamphetamine with the intent to deliver, and possession of fentanyl with the intent to deliver, for which he received an effective sentence of thirty years as a career offender. The trial court denied the Defendant's motion for a new trial on the grounds that it was untimely, and the Defendant did not file a direct appeal to this court. In a post-conviction petition, the Defendant raised a claim of ineffective assistance of counsel based, in part, on trial counsel's failure to file a timely motion for new trial and a notice of appeal. Without holding an evidentiary hearing, the post-conviction court entered an agreed order granting a delayed appeal. Because a delayed appeal cannot be granted by agreement of the parties, we reverse and remand to the post-conviction court for an evidentiary hearing and findings of fact regarding whether a delayed appeal is appropriate in this case.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Case Remanded**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which J. ROSS DYER and TOM GREENHOLTZ, JJ., joined.

Josie S. Holland, Memphis, Tennessee (on appeal); and Marcus Lipham, Jackson, Tennessee (at trial), for the appellant, Houston Thomas Wilkes.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; Joshua R. Gilbert, Legal Assistant (pro hac vice); Neil Thompson, District Attorney General; and W. Michael Thorne, Assistant District Attorney General, for the appellee, State of Tennessee.

———————————————

[1] Oral argument in this case was heard at the Shelby County Circuit Court House in Memphis.

# OPINION

## FACTS and PROCEDURAL HISTORY

On March 25, 2021, the Defendant, who had recently been released on bail following his March 20, 2021 arrest for assaulting his wife, Brandy Wilkes ("the victim"), punched the victim in the face outside her workplace in Huntingdon. The Defendant was apprehended in front of a neighboring business after a brief foot chase by police officers. The next day, an employee of the neighboring business found a bag on the ground that contained the Defendant's EBT card, almost eighteen grams of methamphetamine packaged in two separate plastic bags, and twenty-five fentanyl pills. The Carroll County Grand Jury indicted the Defendant for domestic assault, violation of a no-contact order, possession of more than .5 grams of methamphetamine with the intent to deliver, and possession of fentanyl with the intent to deliver. The Defendant was tried before a Carroll County Circuit Court jury, convicted of all counts as charged in the indictment, and sentenced by the trial court to an effective term of thirty years in the Tennessee Department of Correction.

According to the file stamp dates, the judgments were entered on May 19, 2023, and the Defendant filed a motion for new trial on June 8, 2023. On September 27, 2024, the trial court denied the motion without a hearing on the basis that it was untimely, citing June 8, 2024, as the date that the Defendant filed his motion for new trial. On October 7, 2024, the Defendant filed a motion to reconsider the motion for new trial and to request a hearing date, asserting that the motion for new trial was timely because it was filed only seventeen days after the entry of the judgments. In that motion, the Defendant stated that the judgments were entered on May 19, 2024, and that the motion for new trial was filed on June 8, 2024. On October 29, 2025, the trial court denied the motion to reconsider and to set a hearing date, noting that both the motion for new trial and the motion to reconsider were filed "**more than a year after the judgments were entered.**" (emphasis in original). The Defendant did not appeal.

On April 2, 2025, the Defendant, through retained counsel, filed a petition for post-conviction relief [2] alleging that his trial counsel was ineffective for failing to file the motion for new trial in a timely manner, failing to preserve the Defendant's rights, failing to adequately investigate the case, and failing to sufficiently cross-examine witnesses. The Defendant further alleged that even if trial counsel "did file a motion for new trial, he failed to file a notice of appeal."

---

[2] The April 2, 2025 document is styled as a petition for post-conviction relief rather than as an amended petition for post-conviction relief. In the first paragraph of the document, however, the Defendant asserts that he is "amend[ing] his Amended Petition for Post-Conviction Relief[.]" Neither an original petition nor a previous amended petition is included in the record on appeal.

On August 19, 2025, the post-conviction court entered an "Agreed Order Granting a Delayed Appeal" which states in pertinent part:

> COMES NOW the State of Tennessee and . . . Counsel for the [Defendant], to state and show that upon the record as a whole, as follows: The [Defendant] was not granted an appeal of his trial, because the Motion for New Trial pursuant [to] Tennessee Rule of Criminal Procedure 33 in this case was not timely filed. After review of the record as a whole, [i]t appearing to the Court that the [Defendant] is entitled to a delayed appeal pursuant to Tennessee Supreme Court Rule 28[.]

The post-conviction court, therefore, ordered: (1) that the post-conviction hearing be "removed from the docket, as the parties have agreed pursuant to Tenn. Sup. Ct. R. 28(D)(3), [that the Defendant] was unconstitutionally denied his appeal as of right"; (2) found that the Defendant was indigent for purposes of the appeal; (3) appointed post-conviction counsel as counsel for the purposes of pursuing the delayed direct appeal; (4) directed that a trial transcript be filed with the court; and (5) stated that the trial court "shall apply the procedures set out in Tennessee Code Annotated section 40-30-113."

The Defendant filed a notice of appeal to this court in which he challenges the sufficiency of the evidence for his felony drug convictions and argues that he is entitled to plain error relief based on the State's having elicited improper propensity evidence of his tendency toward domestic violence and argued facts not in evidence during rebuttal closing argument. Following this court's order seeking clarification of factual statements in the Defendant's opening brief, the Defendant filed a notice of record corrections and withdrew his claim of the prosecutor's having argued facts that were not in evidence.

## ANALYSIS

We begin our analysis with the observation that the record is muddled. As stated above, the file date stamps indicate that the judgments were entered on May 19, 2023, and that the Defendant's motion for new trial was filed on June 8, 2023. If the dates are correct, the Defendant's motion for new trial was, in fact, timely, and the trial court's summary denial of the motion for new trial was, therefore, in error. There is no explanation as to why the trial court's order denying the motion for new trial was not filed until over a year from the filing of the motion for new trial or why the trial court cited June 8, 2024, as the date that the motion for new trial was filed. Nor is there any explanation as to why trial counsel, in his motion to reconsider, cited the wrong year for the entry of the judgments and the filing of his motion for new trial.

- 3 -

Regardless of whether the trial court erroneously found that the motion for new trial was untimely, trial counsel failed to appeal the trial court's denial of his motion for new trial or his motion to reconsider.  Post-conviction relief in the form of a delayed appeal is appropriate when a petitioner has been "denied the right to an appeal from the original conviction."  Tenn Code Ann. § 40-30-113(a); *see also* Tenn. Sup. Ct. R. 28, § 9 (D)(1)(a).

Section 40-30-113 of the Post-Conviction Procedure Act, "Petitioner unconstitutionally denied appeal; procedure" provides:

> (a) When the trial judge conducting a hearing pursuant to this part finds that the petitioner was denied the right to an appeal from the original conviction in violation of the Constitution of the United States or the Constitution of Tennessee  and that there is an adequate record of the original trial proceeding available for review, the judge can:

> (1) If a transcript was filed, grant a delayed appeal;

> (2) If, in the original proceedings, a motion for new trial was filed and overruled but no transcript was filed, authorize the filing of the transcript in the convicting court; or

> (3) If no motion for a new trial was filed in the original proceeding, authorize a motion to be made before the original trial court within thirty (30) days.  The motion shall be disposed of by the original trial court as if the motion had been filed under authority of Rule 59 of the Rules of Civil Procedure.

> (b) An order granting proceedings for a delayed appeal shall be deemed the final judgment for purposes of review.  If either party does appeal, the time limits provided in this section shall be computed from the date the clerk of the trial court receives the order of the appellate court determining the appeal.

> (c) The judge of the court which sentenced a prisoner who has sought and obtained relief from that sentence by any procedure in a federal court is likewise empowered to grant the relief provided in this section.

Tenn. Code Ann. § 40-30-113.

The Defendant acknowledges that "the parties may not circumvent the required procedures for obtaining a delayed appeal by entering an agreed order granting a delayed appeal."  *State v. Caudle*, No. M2018-01471-CCA-R3-CD, 2019 WL 5883678, at *3

(Tenn. Crim. App. Nov. 12, 2019) (citations omitted).  The Defendant points out, however, that his case is distinguishable from *Caudle*, in which the delayed appeal did not arise pursuant to a post-conviction petition, and argues that the post-conviction court granted his delayed appeal not just by agreement of the parties but also based on the post-conviction court's independent review of "the record as a whole."

We respectfully disagree that the post-conviction court's reference to the "record as a whole" in its order granting a delayed appeal was sufficient to satisfy the requirements of the Post-Conviction Procedure Act.  No post-conviction evidentiary hearing was held, and the post-conviction court failed to make specific findings of fact that the Defendant was entitled to a delayed appeal because he was unconstitutionally deprived of his right to appeal by virtue of the ineffective assistance of his trial counsel.  *See Caudle*, 2019 WL 5883678, at *3 (citing *State v. Forrest*, No. M2017-01126-CCA-R3-CD, 2018 WL 4057813, at *4 (Tenn. Crim. App. Aug. 27, 2018), for the proposition that "an agreed order granting post-conviction relief was improper because it was entered without holding an evidentiary hearing and without requiring the petitioner to satisfy his burden of proof or to establish ineffective assistance of counsel").  Moreover, the rationale the post-conviction court cited in its order, that the Defendant was denied his right to appeal because trial counsel failed to file a timely motion for new trial, was faulty, if the file stamp date on the Defendant's motion for new trial is accurate.

We, therefore, conclude that the post-conviction court improperly granted the delayed appeal in this case.  We reverse the judgment of the post-conviction court and remand to the post-conviction court with instructions to hold an evidentiary hearing and to make appropriate findings of fact and conclusions of law regarding whether the Defendant was unconstitutionally denied his right to appeal such as to warrant the granting of a delayed appeal.

## CONCLUSION

Based on our review, we reverse the judgment of the post-conviction court granting a delayed appeal and remand for further proceedings consistent with his opinion.

S/ JOHN W. CAMPBELL
JOHN. W. CAMPBELL, SR., JUDGE

- 5 -